## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SKYLER LASER, SAMUEL HOPPER<br>PAIGE FARREN, and KATELYN SNYDER,<br>on behalf of themselves and all other<br>similarly situated individuals, | : <br> : <br> : <br> : <br> : | Civil Action No.: 2:23-cv-2603 |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | Judge: |
| RGB, LLC dba UNION CAFÉ, | : <br> : | **JURY DEMANDED** |
| -&- | : <br> : | |
| GOB-UNION, LLC dba UNION CAFÉ, | : <br> : | |
| Defendants. | : <br> : | |

---

## COMPLAINT

---

Paige Farren, Samuel Hopper, Skyler Laser, and Katelyn Snyder (collectively, "Named Plaintiffs") bring this action on behalf of themselves and all current and former similarly situated employees of Defendant RGB, LLC dba Union Café ("Defendant RGB") and Defendant GOB-Union, LLC dba Union Café ("Defendant GOB") (collectively, "Defendants") who worked for Defendants at any time within the period of three (3) years preceding the commencement of this action through the date of judgment and who: (i) earned less than the applicable federal and Ohio minimum wage rates per hour and were subject to a tip credit; (ii) were paid at a rate below the relevant Ohio minimum wage; or (iii) were not properly compensated for all hours worked in excess of forty (40) in a workweek to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, treble damages, penalties, interest, and other damages, as well as attorneys fees and costs under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*, the

Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, the Ohio Constitution, Art. II Section 34a (collectively referred to herein as the "Ohio Wage Laws"), O.R.C. § 2307.60, and the Ohio common law for unjust enrichment. Named Plaintiffs assert their FLSA claims on behalf of themselves and all former similarly situated employees of Defendants ("collectively Plaintiffs") pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their additional state-law and common law claims are asserted as a class action under Fed. R. Civ. P. 23. The following allegations are based on personal knowledge as to Plaintiffs own conduct and are made on information and belief as to the acts of others.

## I.    INTRODUCTION

1.    Defendants' respective companywide practices are to regularly pay Plaintiffs a tipped hourly wage less than the statutory $7.25 per hour federal minimum wage and the relevant Ohio minimum wage and rely on the "tip credit" provisions of the FLSA and Ohio Wage Laws to satisfy their minimum wage obligations. However, Defendants

     a.    Require Plaintiffs to participate in a tip pooling arrangement that takes their tips and pays them to non-customarily and regularly tipped employees and to Defendants' management and supervisory employees, in violation of both the FLSA and the Ohio Wage Laws and resulting in Defendants unjust enrichment at the Plaintiffs' expense;

     b. Deduct thirty (30) minutes of time from each of Plaintiffs' shifts regardless of whether a break was actually taken causing either their regular rate to drop below the relevant Ohio minimum wage or Plaintiffs to go uncompensated for overtime hours worked.

2.    Defendants also maintain a policy wherein thirty (30) minutes of time is automatically deducted from their employees' hours worked—a policy which applies to

2

Defendants' both tipped and non-tipped employees—regardless of whether a break is actually taken.

3.      Plaintiffs seek to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, treble damages, penalties, interest, and other damages, as well as attorneys' fees and costs, that Defendants owe to them and have failed to pay, in violation of 29 U.S.C. § 207 of the FLSA, the Ohio Wage Laws, O.R.C. § 2307.60, and the Ohio common law.

4.      Accordingly, Named Plaintiffs bring this action on behalf of themselves and all former similarly situated employees who worked for Defendants at any time within three (3) years preceding the commencement of this action through the date of judgment and who: (i) earned less than the applicable federal and Ohio minimum wage; (ii) were paid at a rate below the relevant Ohio minimum wage; or (iii) were not properly compensated for all hours worked in excess of forty (40) in a workweek to recover unpaid wages, unlawfully retained tips, and related damages.

5.      Named Plaintiffs also pray that all similarly situated former employees be promptly notified of the pendency of this action pursuant to Section 216(b) to apprise them of their rights and provide them an opportunity to opt into this lawsuit.

6.      Named Plaintiffs also pray that the Ohio Wage Law and common law claims be certified as a class pursuant to Fed. R. Civ. P. 23.

**II.      JURISDICTION AND VENUE**

7.      The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

8.      This Court has supplemental jurisdiction over Plaintiffs' and the Putative Class Members' Ohio and common law claims pursuant to 28 U.S.C. § 1367 because these claims are

so related to Plaintiffs' and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

9.      Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' conduct giving rise to Plaintiffs' and the Putative Class Members' claims occurred within Franklin County in this District.

## III.    THE PARTIES

10.     Plaintiff Paige Farren is an adult resident of Durham, North Carolina residing at 520 Nash St., Apt. D., Durham, North Carolina 27707, and a former employee at Defendant RGB's and Defendant GOB's establishment located at 728 North High Street, Columbus, Ohio 43215. Plaintiff Farren has given her written consent to bring this action to collect unpaid wages, unlawfully retained tips, and related damages under the FLSA, Ohio Wage Laws, and the common law. Plaintiff Farren's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

11.     Plaintiff Samuel Hopper is an adult resident of Columbus, Ohio residing at 2030 Winslow Dr., Apt. 1, Columbus, Ohio 43207, and a current employee at Defendant GOB's establishment located at 728 North High Street, Columbus, Ohio 43215. Plaintiff Hopper has given his written consent to bring this action to collect unpaid wages, unlawfully retained tips, and related damages under the FLSA, the Ohio Wage Laws, and the common law. Plaintiff Hopper's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit B**.

12.     Plaintiff Skyler Laser is an adult resident of Columbus, Ohio residing at 2430 Indianola Ave., Columbus, Ohio 43202 and a former employee at Defendant GOB's establishment located at 728 North High Street, Columbus, Ohio 43215. Plaintiff Laser has given her written

consent to bring this action to collect unpaid wages, unlawfully retained tips, and related damages under the FLSA, the Ohio Wage Laws, and the common law. Plaintiff Laser's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit C**.

13.     Plaintiff Katelyn Snyder is an adult resident of Columbus, Ohio residing at 1656 E. Livingston Ave., Columbus, Ohio 43205, and a current employee at Defendant GOB's establishment located at 728 North High Street, Columbus, Ohio 43215. Plaintiff Snyder has given her written consent to bring this action to collect unpaid wages, unlawfully retained tips, and related damages under the FLSA, the Ohio Wage Laws, and the common law. Plaintiff Snyder's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit D**.

14.     Defendant RGB, LLC is a domestic for-profit limited liability company registered in the State of Ohio and headquartered in Columbus, Ohio during all times material to this Complaint. Process may be served upon its registered agent, Rajesh R. Lahoti, at 207 Grange Hall Dr., Gaithersburg, Maryland 20877-4312.

15.     Defendant GOB-Union, LLC is a domestic for-profit limited liability company registered in the State of Ohio and headquartered in Columbus, Ohio during all times material to this Complaint. Process may be served upon its registered agent, Timothy E. Miller, at Two Miranova Place, Suite 700, Columbus, Ohio 43215.

**IV.     STATEMENT OF FACTS**

16.     During all times material to this Complaint, Defendants acted directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Putative Class Members.

17.     During all times material to this Complaint, Defendants were "employers" within the meaning of the FLSA and the Ohio wage Laws.

18.     During all times material to this Complaint, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprises have had and have an annual growth volume of sales made or business done of not less that $500,000 per year (exclusive of excise taxes at the retail level).

19.     During all times material to this Complaint, Plaintiffs have been Defendants' employees pursuant to the Ohio Wage Laws and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20.     Defendant RGB employed Plaintiff Farren and Plaintiff Riley until approximately June of 2022. In June of 2022, Defendant GOB purchased the Union Café trademark and business from Defendant RGB. Plaintiff Farren, Plaintiff Hopper, Plaintiff Laser, and Plaintiff Snyder were all employed by Defendant GOB. Defendant GOB assumed the same pay practices and policies utilized by Defendant RGB during the latter's employment of the above Plaintiffs and the Putative Class Members.

21.     Named Plaintiffs and those they seek to represent in this action are current and former employees who worked for Defendants within the period of three (3) years preceding the commencement of this action through the date of judgment and who: (i) earned less than the applicable federal and Ohio minimum wage rates per hour and were subject to a tip-credit; (ii)

were paid at a rate below the relevant Ohio minimum wage; or (iii) were not properly compensated for all hours worked in excess of forty (40) in a workweek.

22.     Upon information and belief, Defendants use common pay policies and practices which commonly apply to all employees.

**Defendant's Tip Pool**

23.     Defendants have a policy and practice of requiring Plaintiffs to contribute three percent (3%) of the tips they receive from customers to a tip pool that is distributed to other employees.

24.     The entire tip pool was distributed between food runners, hosts/hostesses, bartenders, supervisors, and managers.

25.     Servers would contribute three percent (3%) of their received tips to the pool— 1.5% went to food runners, bartenders, and hosts/hostesses and the other 1.5% went to supervisors and managers. These supervisors and managers hold jobs which should prohibit them from participating in the tip pool: (i) their primary duty is to manage Defendant's enterprise or a customarily recognized department or subdivision of the enterprise; (ii) they customarily and regularly directed the work of at least two (2) or more other full-time employees; and (iii) they had the authority to hire or fire other employees or at a minimum, their suggestions and recommendations as to the hiring or firing of other employees were given particular weight.

26.     Remitting tips to other employees, including management, was not voluntary; rather, it was a condition of employment and, therefore, mandatory.

27.     Defendants received the benefit of these tips at the expense of Plaintiffs who earned tips.

**Defendants' Unlawful Auto-Deducted Breaks Result in Failure to Pay the Relevant Minimum Wage and/or Failure to Pay Overtime for All Hours Worked in Excess of Forty (40) in a Workweek**

28.     Defendants maintain a policy and practice wherein thirty (30) minutes of time is deducted from each Plaintiffs' shifts regardless of whether a break was actually taken.

29.     In fact, given Defendants' high volume of customers and the timely demands of the respective jobs, Plaintiffs rarely, if ever, take an uninterrupted thirty (30) minute break at work.

30.     When these deductions are added back into Plaintiffs' hours worked, either their regular rate drops below the relevant Ohio minimum wage or they go uncompensated for overtime hours worked.

**V.      CAUSES OF ACTION**

**COURT SUPERVISED NOTICE PURSUANT TO 29 U.S.C. § 216(b) ALLEGING FLSA VIOLATIONS**

**A.  FLSA COVERAGE**

31.     Plaintiffs reallege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

32.     The Named Plaintiffs request that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

**All former employees who worked for Defendants at any time within the period of three (3) years preceding the filing of the Motion for Court Supervised Notice through the date of judgment who were subject to Defendants' tip pool and/or tip credit pay practices and/or auto-deduct policy.**

33.     Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice, they seek to have the Court supervise notice over based upon further investigation and discovery.

8

34.     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r), the Ohio Constitution and the Ohio Wage Act.

35.     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that these enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

36.     During the respective periods of Plaintiffs' and the Employees Entitled to Notice employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

37.     In performing the operations hereinabove described, Plaintiffs and the Employees Entitled to Notice have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

38.     Specifically, Plaintiffs and the Employees Entitled to Notice were non-exempt employees of Defendants who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

39.     At all times hereinafter mentioned, Plaintiffs and the Employees Entitled to Notice were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

40.     The proposed group of similarly situated former employees, i.e., Employees Entitled to Notice, Plaintiffs seek to have the Court send supervised notice to pursuant to 29 U.S.C. § 216(b), is defined above.

41.     The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

42.     Collective action treatment of Plaintiffs' and the Employees' Entitled to Notice claims is appropriate because Plaintiffs and the Employees Entitled to Notice have been subjected to the common business practices and policies referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of the statutory overtime wages.

43.     Plaintiffs and the Putative Class members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

44.     Plaintiffs and the Employees Entitled to Notice have been similarly affected by Defendants companywide violations of the FLSA during the relevant time period which amount to single decisions, policies, or plans.

45.     Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

46.     Plaintiffs intend to send notice to all Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendants' records.

10

## B. <u>FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS</u>

47.     Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

48.     Named Plaintiffs bring their Ohio Wage Law and common law claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> **All former employees who worked for Defendants at any time within the period of three (3) years preceding the commencement of this action through the date of judgment who were subject to Defendants' tip pool and/or tip credit pay practices and/or auto-deduct policy.**

49.     Class action treatment of Plaintiffs' Rule 23 Class claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

50.     The Rule 23 Class, upon information and belief, includes dozens of individuals, all of whom are readily ascertainable based on Defendants standard payroll records and are so numerous that joinder of all class members is impracticable.

51.     Plaintiffs are members of the Rule 23 Class, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

52.     Plaintiffs and their counsel will fairly and adequately represent the Rule 23 Class members and their interests.

53.     Questions of law and fact are common to all class members because, *inter alia*, this action concerns Defendants companywide pay policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

54.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual

class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I**
**UNLAWFUL RETENTION OF TIPS UNDER THE FLSA**

55.     Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

56.     Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

57.     Named Plaintiffs and the FLSA Employees Entitled to Notice Group are employees entitled to the FLSA's protections.

58.     Defendants are employers covered by the FLSA.

59.     The FLSA prohibits employers from keeping tips received by employees for any purpose, regardless of whether or not the employer takes a tip credit 29 U.S.C. § 203(m).

60.     The FLSA further prohibits employers from taking a tip credit if the employer allows non-customarily and regularly tipped employees in its mandatory tip pool. 29 U.S.C. § 203(m).

61.     Defendants have violated this provision companywide by keeping tips received by Plaintiffs and the Employees Entitled to Notice and by allowing non-customarily and regularly tipped employees to participate in its mandatory tip pool.

62.     Named Plaintiffs and the Employees Entitled to Notice are entitled to recover these unlawfully retained tips, an equal amount in liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

63.     In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

<u>COUNT II</u>
**VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA**

64.    Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

65.    Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

66.    Named Plaintiffs and the Employees Entitled to Notice Group are employees entitled to the FLSA's protections.

67.    Defendants are employers covered by the FLSA.

68.    The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C. § 206(a).

69.    While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

70.    The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

71.    Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

72.    Employers may also not take a tip credit if they do not limit a mandatory tip pool to employees who customarily and regularly receive tips. *See* 29 U.S.C. § 203(m).

73.    Here, through (i) the companywide practice of unlawfully keeping employees' tips and permitting management and supervisors to keep employees' tips and (ii) the companywide

practice of permitting non-customarily and regularly tipped employees to participate in a tip pool, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

74.     As such, Defendants have violated the FLSA by failing to pay Named Plaintiffs and the Employees Entitled to Notice for all time worked at $7.25 per hour.

75.     Defendants' policies of automatically deducting thirty (30) minutes to one (1) hour of time from Plaintiffs' hours worked within a workday also often rendered Plaintiffs' respective hourly rate to fall below the relevant minimum wage.

76.     Named Plaintiffs and the FLSA Notice Group members are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

77.     In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## <u>COUNT III</u>
## VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a

78.      Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

79.     Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

80.     Named Plaintiffs and the Rule 23 Class are employees within the meaning of O.R.C. §§ 4111.14(B) and Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

81.     Defendants are employers within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a required to comply with the mandates of the Ohio Constitution.

82.     Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2023 — $10.10 per hour; 2022 — $9.30 per hour; 2021 — $8.80 per hour; 2020 — $8.70 per hour).

83.     Article II, Section 34a of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

84.     In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

85.     Section 3(m) of the FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

86.     Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2).

87.     Here, by unlawfully keeping and permitting management and supervisors to keep tips earned by Named Plaintiffs and the Rule 23 Class, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

88.     The FLSA further prohibits employers from taking a tip credit if the employer allows non-customarily and regularly tipped employees in its mandatory tip pool. 29 U.S.C. § 203(m).

89.     Defendants have violated this provision companywide by keeping tips received by Named Plaintiffs and the FLSA Notice Group Members and by allowing non-customarily and regularly tipped employees to participate in its mandatory tip pool.

90.     Defendants' policies of automatically deducting thirty (30) minutes to one (1) hour of time from Plaintiffs' hours worked within a workday also often rendered Plaintiffs' respective hourly rate to fall below the relevant minimum wage.

91.     As such, Defendants have violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Plaintiffs and the Rule 23 Class an hourly wage below the required minimum wage.

92.     In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

93.     Plaintiffs and the Ohio Rule 23 Class are entitled to unpaid minimum wages and two times those wages as additional statutory damages, interest, and attorneys' fees and expenses, and all other remedies available.

### COUNT IV
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

94.     Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

95.     Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

96.     Named Plaintiffs and the Employees Entitled to Notice are employees entitled to the FLSA's protections.

97.     Defendants are employers covered by the FLSA.

98.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) in a workweek.

99.     Named Plaintiffs and the Employees Entitled to Notice employed by Defendants have worked over forty (40) hours in a workweek paid either at a rate at or above the pertinent minimum wage or at a lower tipped hourly rate, depending upon their position.

100.     While employers may utilize a tip credit to satisfy their overtime obligations to tipped employees, they forfeit that right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

101.     The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employee takes a tip credit. 29 U.S.C. § 203(m).

102.     Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

103.     Here, through the companywide practice of unlawfully keeping employees' tips and permitting management and supervisors to keep employees' tips, Defendants have forfeited their rights to use the tip credit in satisfying their overtime obligations.

104.     The FLSA further prohibits employers from taking a tip credit if the employer allows non-customarily and regularly tipped employees in its mandatory tip pool. 29 U.S.C. § 203(m).

105.     Defendants have violated this provision companywide by keeping tips received by Plaintiffs and the Employees Entitled to Notice and by allowing non-customarily and regularly tipped employees to participate in its mandatory tip pool.

106.    Defendants have also violated this provision through their policies of automatically deducting thirty (30) minutes to one (1) hour from Plaintiffs' and the Employees' Entitled to Notice hours worked in a workday regardless of whether an uninterrupted break was actually taken.

107.    As such, Defendants have violated the FLSA by failing to pay Named Plaintiffs and the Employees Entitled to Notice for all time worked in excess of 40 hours in a workweek at the correct overtime rate.

108.    Named Plaintiffs and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

109.    In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

<u>**COUNT V**</u>
**VIOLATION OF THE OVERTIME REQUIREMENTS OF THE OHIO WAGE ACT**

110.    Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

111.    Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

112.    The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

113.    The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek, "in the manner and methods provided in and subject to the

exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

114.    At all times material to this Complaint, Defendants were "employers" covered by the Ohio Wage Act and thus have been required to comply with its mandates.

115.    At all times material to this Complaint, Named Plaintiffs and the Rule 23 Class were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

116.    At all times material to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiffs and the Ohio Rule 23 Class for all hours worked at the appropriate pay rate, including Defendants' repeated action of refusing to compensate Named Plaintiffs and the Rule 23 Class for all hours worked over forty (40) hours in a workweek at a rate not less than one-and-a-half times the appropriate regular rate.

117.    Named Plaintiffs and the Rule 23 Class are not exempt from the wage protections of Ohio law. During material times, Named Plaintiffs and the Rule 23 Class were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq.*

118.    In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

119.    Named Plaintiffs and the Rule 23 Class are entitled to unpaid overtime and other compensation, liquidated damages, interest, and attorneys' fees and expenses, and all other remedies available as compensation for Defendants' violations of O.R.C. § 4111.03, by which Plaintiffs and the Rule 23 Class have suffered and continue to suffer damages.

## COUNT VI
## VIOLATION OF THE OHIO PROMPT PAY ACT

120.     Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

121.     Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

122.     At all times relevant to this Complaint, Defendants were Named Plaintiffs' and the Rule 23 Class's joint "employers" and were required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

123.     The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

124.     At all times material to this Complaint, Defendants have refused to pay Named Plaintiffs and the Rule 23 Class all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandated minimum wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

125.     Named Plaintiffs and the Rule 23 Class's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

126.     Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT VII
## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

127.     Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

128.     Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

129.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

130.     By its acts and omissions described herein, Defendants have willfully violated the FLSA and Named Plaintiffs and the Rule 23 Class members have been injured as a result.

131.     O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

132.     As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and the Rule 23 Class members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT VIII
## UNJUST ENRICHMENT

133.     Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

134.     Named Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

135.     Named Plaintiffs and the Rule 23 Class are tipped employees paid an hourly rate plus tips they earn from customers.

136.     Defendants keep a portion of the tips earned by Named Plaintiffs and the Rule 23 Class.

137.     Named Plaintiffs and the Rule 23 Class earn these tips and are entitled to keep them.

138.    As a result, Defendants are unjustly enriched at their expense in the amount of tips they unlawfully keep.

139.    It is against equity and good conscience to permit Defendants to benefit from these tips.

140.    Thus, Defendants should be required to reimburse Named Plaintiffs and the Rule 23 Class in the amount of these tips.

**COUNT IX**
**VIOLATIONS OF O.R.C. § 4111.14(G) AS TO DEFENDANT RGB FOR**
**FAILURE TO PROVIDE RECORDS AS TO WAGES AND HOURS WORKED AS TO**
**PLAINTIFF FARREN**

141.    Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

142.    O.R.C. § 4111.14(G) requires employers provide, at no charge, information at the request of an employee or person acting on behalf of an employee information including name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee making such a request.

143.    On or about June 5, 2023, Plaintiff Farren requested such records through her attorney as to Defendant RGB.

144.    The request was received by Defendant RGB on or about June 8, 2023.

145.    Pursuant to the records request, a response to Plaintiff Farren's request was due on or about July 24, 2023.

146.    To date, Defendant RGB has not provided records pursuant to the request under O.R.C. § 4111.14(G).

147.    In violating O.R.C. § 4111.14(G) of the Ohio Wage Act, Defendant RGB has acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addressed, email addressed, telephone numbers, and social security numbers of all putative collective action members.

B. In the event the Defendant seeks to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitations for the FLSA Employees Entitled to Notice as of the filing of this Complaint.

C. For an order certifying the Rule 23 Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members.

D. Designating Named Plaintiffs as representative for the Rule 23 Class and designating Plaintiffs' counsel as counsel for the Rule 23 class;

E. Issuing proper notice to the Rule 23 Class at Defendants expense

F. Expectation and damages for all missed payments taken from or applied to Named Plaintiffs' and the similarly situated employees' pay;

G. An order awarding Named Plaintiff, the Employees Entitled to Notice, and the Rule 23 Class back pay equal to the amount of all retained tips for three (3) years preceding the filing of this Complaint to the present, plus an additional equal amount in liquidated damages;

H. Awarding Named Plaintiff and the Rule 23 Class members the sum of 6% of the total unpaid wages or $200 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

I. Declare that Defendant RGB has violated the FLSA as to Plaintiff's Riley's wrongful termination;

J. An order enjoining Defendants from retaliating, via discrimination, against Named Plaintiffs, the Employees Entitled to Notice, and the Rule 23 Class members for their engaging in the protected action of complaining about pay practices.

K. Compensatory and punitive damages under O.R.C. § 2307.60;

L. Pre-judgment and post-judgement interest;

M. A finding that Defendant has violated the FLSA, the Ohio Wage Act, and the OPPA and that Defendants have been unjustly enriched;

N. A judgment against Defendants and in favor of Named Plaintiffs, the Employees Entitled to Notice, and the Rule 23 Class for compensation for all unpaid and underpaid wages and tips that Defendants have failed and refused to pay in violation of the FLSA and the Ohio Wage Laws;

O. Liquidated damages, treble damages, and monetary penalties to the fullest extent permitted under the FLSA and Ohio Wage Laws;

P. A judgment against Defendants and in favor of Named Plaintiffs and the Rule 23 Class for restitution for all earned tips kept by Defendants and by which Defendants were unjustly enriched;

Q. An award of costs and expenses in this action, together with reasonable attorneys' fees and expert fees; and,

24

R.  Any other relief to which the Named Plaintiffs, the Employees Entitled to Notice, and the Ohio Class Members may be entitled.


Dated: August 14, 2023                          Respectfully submitted,

                                                **BARKAN MEIZLISH DEROSE COX, LLP**

                                                */s/ Robert E. DeRose*
                                                Robert E. DeRose (OH Bar No. 0055214)
                                                4200 Regent Street, Suite 210
                                                Columbus, OH 43219
                                                Phone: (614) 221-4221
                                                Facsimile: (614) 744-2300
                                                bderose@barkanmeizlish.com

                                                *Attorney for Plaintiffs*



## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.


                                                */s/ Robert E. DeRose*
                                                Robert E. DeRose