IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SKYLER LASER, et al., | ) | Case No. 2:23-cv-2603 |
| Plaintiffs, | ) | |
| v. | ) | Judge James L. Graham |
| RGB, LLC dba UNION CAFÉ, et al., | ) | Magistrate Judge Chelsea M. Vascura |
| Defendant. | ) | |
| | ) | **PLAINTIFFS AND DEFENDANT RGB, LCC *dba* UNION CAFE'S JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** |

Plaintiffs Skyler Meyers and Paige Farren, on behalf of themselves and the additional opted-in Plaintiff, Michael Riley (collectively "RGB Plaintiffs") and Defendant RGB, LLC *dba* Union Café ("Defendant RGB") (collectively, "the Parties") by and through their respective attorneys, jointly move this Court to approve the Settlement Agreement ("Settlement") reached by the Parties and enter an Order dismissing this action with prejudice. Please note that this settlement agreement is between the three (3) Plaintiffs that worked for Defendant RGB before Defendant GOB-Union, LLC purchased the business. A Joint Motion to Approve the settlement between all Plaintiffs and before Defendant GOB-Union, LLC was filed on February 15, 2024. (ECF No. 17)

The Settlement resolves the claims the RGB Plaintiffs asserted against Defendant RGB under the Fair Labor Standards Act ("FLSA"), the Ohio Wage Act and the Ohio Prompt Pay Act ("OPPA") for an alleged failure to pay minimum wages. The Parties respectfully submit that the Settlement between RGB Plaintiffs and Defendant RGB is fair and reasonable and satisfies the criteria for approval under §216(b) of the FLSA. The Settlement was achieved during negotiations

1

between the Parties, conducted by experienced counsel. The Settlement will provide meaningful payment to RGB Plaintiffs for amounts allegedly owed, although Defendant RGB continues to deny liability in its entirety.

The attached Memorandum in Support explains the nature of the Action, the negotiations, and the propriety of approving the Settlement.

February 25, 2024

**ISAAC WILES, LLC**

 /s/ Michael S. Loughry
Michael S. Loughry (0073656)
Timothy E. Miller (0036736)
Two Miranova Place, Suite 2800
Columbus, Ohio 43215-5098
Phone: (614) 221-2121
Facsimile: (614) 365-9516
MLoughry@isaacwiles.com
TMiller@isaacwiles.com

*Attorneys for Defendant RGB, LLC*

Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

/s/ Robert E. DeRose
Robert E. DeRose (0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorney for Plaintiffs*

2

**MEMORANDUM IN SUPPORT**

**I.    NATURE OF THE ACTION**

Plaintiffs filed this lawsuit on August 14, 2023. The Plaintiffs' Complaint alleges a claim for unlawful retention of tips under the FLSA, the Ohio Wage Act, the OPPA, and O.R.C. §2307.60. Plaintiffs specifically allege Defendant RGB failed to pay them and the other plaintiffs the relevant minimum wage and overtime for all hours worked over 40 while employed with Defendant RGB. This includes pay for the thirty (30) minute auto deducted breaks, when Plaintiffs were still required to complete work related tasks during this unpaid period. Further, the Plaintiffs' Complaint alleges Defendant RGB had its supervisors and managers participate in the tip pool, allowing Defendant RGB to receive the benefit of these tips at the expense of Plaintiffs who earned them. Defendant RGB denies the allegations contained in the Complaint and denies liability or wrongdoing of any kind.

**II.   THE NEGOTIATIONS**

The Parties, including the Defendant GOB and the GOB Plaintiffs, and their respective counsel anticipated a mediation set for January 23, 2024. The mediation was postponed, however, due Defendant RGB's representative being injured in an automobile accident. The Parties, by and through their experience counsel, engaged in extensive, good faith settlement negotiations prior to rescheduling the mediation. As a result of those negotiations, the Parties ended up reaching an agreement on the Plaintiffs' FLSA claims. A true and accurate copy of the Settlement Agreement is attached as **Exhibit A.**

The Settlement provides for mutual promises, and an agreement to request the Court to dismiss this action with prejudice and to approve the release of claims set forth in the Settlement. As set forth in the Settlement Agreement, Plaintiffs have agreed to resolve their underlying claims for unpaid wages, liquidated damages, and any other claims or potential wage related claims

3

against Defendant RGB. In return, Defendant RGB has agreed to pay Plaintiffs monetary consideration for the alleged damages and Plaintiffs' costs and expenses in bringing the litigation. Defendant RGB does not admit liability and denies that Plaintiffs are entitled to any relief.

### III. THE PROPRIETY OF APPROVAL

The FLSA portion of the Settlement is subject to approval by the Court pursuant to §216(b) of the FLSA. As explained below, Court approval is warranted.

#### A. The Settlement is Fair, Reasonable, and Adequate.

"Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id*. However, "[t]he Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Hedglin v. Maxim Healthcare Services, Inc.,* 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016), *quoting Crawford v. Lexington-Fayette Urban County Gov.*, 2008 U.S. Dist. LEXIS 90070 (E.D. Ky. Oct. 23, 2008).

The purpose of the review is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 U.S. Dist. LEXIS 58912 (N.D. Ohio June 15, 2010) *quoting Collins v. Sanderson Farms,*

4

*Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (alteration in original) (further citation omitted)). "The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Hedglin v. Maxim Healthcare Services, Inc.,* 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016). The Parties' Settlement is fair, reasonable, and adequate, particularly in light of (a) the *bona fide* dispute that exists between the Parties on the merits of Plaintiffs' claim, and (b) the monetary consideration Plaintiffs are receiving.

### 1. A *Bona Fide* Dispute Between the Parties Existed Over Liability.

Courts find there is a bona fide dispute where the parties disagree over legal issues pertinent to the FLSA claims of the plaintiffs. *See, e.g., Foster v. Residential Programs*, No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963, at *8 (S.D. Ohio Feb. 18, 2021) (bona fide dispute where parties disagreed as to whether employees are entitled to overtime, whether the defendants' actions were willful, and whether the defendants acted in good faith); *Smith v. Tradeglobal, LLC*, No. 1:19-cv-192, 2020 U.S. Dist. LEXIS 179622, at *4 (S.D. Ohio Sept. 29, 2020).

Defendant RGB denies Plaintiffs were improperly paid under the FLSA for all hours worked. Moreover, Defendant RGB denies Plaintiffs were not paid for hours worked during their thirty (30) minute break, as Defendant RGB maintains detailed time records of the actual time Plaintiffs clocked in and out each workday and as Defendant alleges none of the Plaintiffs reported working through their breaks prior to filing this lawsuit. Nonetheless, Plaintiffs allege that they were not compensated for the time spent working during their auto-deducted thirty (30) minute break, including the time worked in excess of 40 hours per workweek. Defendant RGB denies Plaintiffs' allegations. Accordingly, the *bona fide* dispute between the Parties "serves as a guarantee" that the settlement is fair, reasonable, and adequate.

5

Had this matter not been settled, costly litigation would ensue enlarging the attorney fees and costs exposure to Defendant RGB and potentially reducing the resources available to pay the Plaintiffs. The Parties opted to negotiate a settlement prior to extensive discovery.

**2.      The Proposed Settlement is Fair and Reasonable.**

Plaintiffs are receiving a global settlement payment of $10,000.00 to resolve their FLSA claims. *See Supplemental Declaration of Robert E. DeRose, Esq.*, attached as **Exhibit B** ("**Ex. B**") at ¶3. This sum is fair, reasonable, and adequate on its face. The Settlement covers the time period between August 4, 2020 and approximately June 5, 2022 when Defendant RGB sold the business to Defendant GOB. *See* **Ex**. **B** at ¶4. The settlement amounts are less per week than the Defendant GOB settlement because much of the time the RGB Plaintiffs worked was during COVID and when sales were dramatically lower. *See Id*. Plaintiffs and Plaintiffs' Counsel believe that this Settlement is in the best interest of the Plaintiffs. *See Id*. at ¶5. The proposed settlement for the FLSA claims is based on Plaintiffs' Counsels' damages model created after extensive review of Plaintiffs' payroll records. *See*, *Id*. at ¶3. Plaintiffs will receive a total of $6,666,67 after attorneys' fees without the risk of losing at trial. *See Id*.

The relevant *Int'l Union* factors also weigh in favor of approval. The Settlement was reached after months of extensive negotiations between counsel experienced in FLSA litigation, eliminating any concern that fraud or collusion exists. *Id.* During this time the parties were able to exchange their respective positions and come to an agreement on a fair and equitable resolution. By specifically allocating a portion of the Settlement solely for Plaintiffs' wages, the Parties ensure that payment is a fair and adequate compromise of the Plaintiffs' disputed FLSA claims. Additionally, the Settlement avoids lengthy, expensive, and uncertain litigation, which also serves the public interest. For these reasons, the Parties respectfully submit that the Settlement of

6

Plaintiffs' FLSA claims are fair, reasonable, and adequate. *See, Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-CV-18, 2017 WL 4390294, at *2 (S.D. Ohio Oct. 3, 2017) ("The parties' divergent positions would have required judicial resolution had a settlement not been reached through many months of arms-length negotiation between competent counsel. Thus, the settlement is free from indicia of fraud and collusion.").

**B.     The Award of Attorneys' Fees is Reasonable.**

Congress included a fee-shifting provision in the FLSA that mandates an award of reasonable attorneys' fees and litigation costs to a prevailing employee. *See* 29 U.S.C. § 216(b); *see also Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021) ("The award of a reasonable fee to a prevailing plaintiff is therefore mandatory under the FLSA."). Federal courts have long recognized the profound importance of a plaintiffs' right to recover attorney's fees under the FLSA, particularly where the victims of FLSA violations are low-wage workers whose individual damages may not be individually significant. The Sixth Circuit in *Fegley* explained the importance of the FLSA's statutory fee provision:

> The purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourages the vindication of congressionally identified policies and rights. Indeed, we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.

*Fegley v. Higgins*, 19 F.3d 1126, 1134-43 (6th Cir. 1994) (internal quotations and citations omitted) (*cert. denied*, 513 U.S. 875 (1994)). So integral are attorney's fees under the FLSA that the Sixth Circuit recently took the unusual step of reversing a district court's reduction of fees sought in an FLSA case and ordering judgment for the full amount of the fees sought. *See Rembert*, 986 F.3d at 618.

7

There are two basic measures for evaluating the fairness of an attorney's fees award under the FLSA, "work done and results achieved." *Rui He v. Rom*, 751 Fed. App'x 664, 673 (6th Cir. 2018) (quoting *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). The "work done" measure is the "lodestar" method of attorney fee calculation and the "results achieved" measure is the "percentage of the fund" method of attorney fee calculation." *Gascho* at 279. The Sixth Circuit permits a court to choose one or the other method as the court, in its discretion, deems appropriate for the circumstances of a particular case so long as the court articulates its reasons. *See, Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). The lodestar method yields a fee that is presumptively sufficient to achieve the objective of attracting competent counsel but avoiding a windfall for the attorneys. *See Rembert* at *4 (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)).

In approving the reasonableness of attorney's fees, the relevant factors typically include: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *See, Moulton v. U.S. Steel Corp.*, 581 F.3d at 352.

Plaintiffs' Counsel seeks an award of attorneys' fees and reimbursement for costs in the amount of one-third of RGB Plaintiffs' total recovery and is consistent with the contingency representation contract Plaintiffs signed. *See* **Ex. B** at ¶12. This amounts to an award of $3,333.33 in attorney's fees. This is reasonable given that Plaintiffs' Counsel spent 5.40 hours in connection with the prosecution of Plaintiffs' settlement, which amounts to $2,754.00 in attorney's fees. *See Id.* at ¶¶9-10. The total amount of Plaintiffs' counsel's attorneys' fees amounts to $3333.33, which

8

exceeds the requested one-third amount by $579.33. *See,* **Ex. B** at ¶14. However, in the Defendant GOB Settlement Plaintiffs Counsel's lodestar exceeded the one-third fee requested by $6,662.50. *See* ECF No. 17-2. Thus, the overall fees and expenses requested, in both Settlements, are $6,083.17 less than the total lodestar, a factor favoring approval. *See,* **Ex. B** at ¶12. *See also Dewald v. Time Warner Cable Inc.*, Nos. 16-cv-1129, 17-cv-00631, 2021 U.S. Dist. LEXIS 32459, *18 (S.D. Ohio Feb. 16, 2021) (factor favored approval where Plaintiffs Counsel's lodestar was more than the amount of fee requested). Plaintiffs' Counsel took this case on a pure contingency basis, which favors approving the attorney's fees sought. *See* **Ex. B** at ¶12; *See, Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, *5 (S.D. Ohio Sep. 20, 2019) ("counsel absorbed the risk of an unsuccessful outcome and no fee of any kind. This favors granting the attorney's fees award."). Based on the efforts expended by Plaintiffs' Counsel and the exceptional results achieved warrant granting Plaintiffs' Counsel's request. *See Kritzer v. Safelite Sols., LLC*, 2012 Dist. LEXIS 74994, at *29 (Granting the same Plaintiffs' Counsel 52% of the settlement based on the amount of work performed and the exceptional result achieved for the class.

**CONCLUSION**

The Parties jointly submit that the Settlement is a fair and reasonable resolution of the dispute between the Parties and was reached through arms-length negotiations. All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of the RGB Plaintiffs' claims.

For the foregoing reasons, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment submitted herewith.

| | |
|---|---|
| February 25, 2024 | Respectfully submitted, |
| **ISAAC WILES, LLC** | **BARKAN MEIZLISH DEROSE COX, LLP** |
| /s/ Michael S. Loughry | /s/ Robert E. DeRose |
| Michael S. Loughry (0073656) | Robert E. DeRose (0055214) |
| Timothy E. Miller (0036736) | 4200 Regent Street, Suite 210 |
| Two Miranova Place, Suite 2800 | Columbus, OH 43219 |
| Columbus, Ohio 43215-5098 | Phone: (614) 221-4221 |
| Phone: (614) 221-2121 | Facsimile: (614) 744-2300 |
| Facsimile: (614) 365-9516 | bderose@barkanmeizlish.com |
| MLoughry@isaacwiles.com | |
| TMiller@isaacwiles.com | *Attorney for Plaintiffs* |
| *Attorneys for Defendant RGB, LLC* | |

## CERTIFICATE OF SERVICE

A copy of *Plaintiffs and Defendant RGB, LLC dba Union Cafe's Joint Motion to Approve Settlement Agreement* was filed electronically with the Court on February 25, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

>    /s/ Robert E. DeRose
>    Robert E. DeRose (OH Bar No. 0055214)

10